UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY GERALD,

    Plaintiff,

v.                                Case No.:  2:25-cv-254-SPC-NPM

GARRISON PROPERTY AND
CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

Defendant Garrison Property and Casualty Insurance Company removed this motor vehicle accident case based on diversity jurisdiction. (Doc. 1). To establish the amount in controversy, it cited Plaintiff Nancy Gerald's initial disclosures served in state court on February 25, 2025, which outline accrued medical expenses of just under $300,000. (Doc. 1-7). Thirty days after Defendant received these disclosures, it removed the case.

Plaintiff moves to remand. (Doc. 14). She does not dispute the amount in controversy is satisfied. Instead, she claims the removal is untimely because she served a presuit demand letter outlining her medical expenses over a year ago. Based on this presuit demand, Plaintiff argues Defendant was on notice that the amount in controversy was satisfied when she served her complaint

on January 22, 2025.[1] In her view, Defendant's failure to remove within thirty days of service of the complaint renders the removal untimely. Plaintiff is mistaken.

When—as here—the initial complaint is not removable, a defendant must remove within thirty days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Although courts can consider presuit demands to establish the amount in controversy, a "presuit correspondence cannot be an 'other paper' triggering the thirty-day removal clock." *Rocca v. Nat'l Specialty Ins. Co.*, No. 2:20-CV-64-FTM-38MRM, 2020 WL 6036882, at *2 (M.D. Fla. Feb. 24, 2020); *see also Med. & Exec. Offs. of Aventura, LLC v. Great Lakes Ins. SE*, 603 F. Supp. 3d 1241, 1246 (S.D. Fla. 2022) ("In short, pre-suit communications may support removal, but they do not trigger the running of the thirty-day period under section 1446(b)." (cleaned up and citation omitted)). Indeed, "case law is clear that if an 'other paper' is to trigger the thirty-day time period . . . of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading." *Nikollaj v. Fed. Ins. Co.*, 472 F. Supp. 3d 1138, 1140 (M.D. Fla. 2020).

---

[1] The complaint provides that the amount in controversy exceeds the state circuit court's jurisdictional threshold of $50,000. (Doc. 3).

To state the obvious, Plaintiff served the presuit demand letter prior to filing suit.[2] So it did not trigger the thirty-day removal period. Instead, Plaintiff's service of her initial disclosures did so. Exactly thirty days later, Defendant filed its notice of removal. Therefore, removal was timely.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this April 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Plaintiff also references two examinations under oath conducted in June and December 2024 in which her alleged damages were discussed. (Doc. 14 at 2). But an examination is not an "other paper" contemplated in § 1446(b)(3). And even if it was, both examinations occurred prior to suit, so they still could not trigger the thirty-day removal period.

3